NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-3822, 12-3823, 12-3824 and 12-3825
_____

IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Harold W. Landes, Jr.,
Appellant, No. 12-3822

George L. Conner,
Appellant, No. 12-3823

Walter J. Specht, Jr.,
Appellant, No. 12-3824

Thomas Streber,
Appellant, No. 12-3825
_____

On Appeal from the MDL 875 in the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 2-08-cv-88402, 2-09-cv-061817,
2-10-cv-067838 and 2-11-cv-64241)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2013

Before:  FISHER, VANASKIE and SHWARTZ, *Circuit Judges*.

(Filed: October 17, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Harold Landes, George Conner, Walter J. Specht, and Thomas Streber (collectively "Plaintiffs") appeal from the United States District Court for the Eastern District of Pennsylvania's dismissal of their cases pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Administrative Order No. 12 ("AO 12"). For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and procedural history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Plaintiffs' cases were consolidated with various other cases into Multidistrict Litigation 875 ("MDL 875"), a consolidated docket for asbestos products liability claims located in the Eastern District of Pennsylvania. In order to "facilitate the expeditious movement of pending cases on the MDL docket," the District Court issued AO 12 in May 2007. App. 6. AO 12 required an MDL 875 plaintiff to disclose medical diagnoses supporting his or her claims by submitting copies of the medical diagnosing report or the opinion upon which the plaintiff's asbestos-related claim relied. App. 7. AO 12 further required that a plaintiff's submissions be based upon objective and subjective data, identified and descriptively set out within the report or opinion. App. 15. If a plaintiff failed to comply with the requirements set forth in AO 12, the Court could dismiss the

case pursuant to Rule 41(b).[1]  In August 2009, the District Court amended AO 12 to require a plaintiff to submit, among other things, medical reports "upon which the plaintiff now relies for the prosecution of the claims as if to withstand a dispositive motion."  App. 15.

On November 14, 2011, the District Court dismissed a series of cases for failure to comply with the requirements set forth in AO 12.  Specifically, the Court dismissed all cases involving plaintiffs who failed to submit, among other things, sufficient exposure histories.  App. 15.  Although the plain language of AO 12 did not specifically require a plaintiff to provide a complete exposure history, the District Court based its dismissal on:

> [T]he language in AO 12 that emphasizes that plaintiffs should submit medical diagnosis [*sic*] or opinions based on medically accepted principles and practices, and based on statements from reputable medical organizations that require occupational and environmental exposure history when screening for asbestos-related diseases . . .

App. 35.  The District Court interpreted AO 12 to require that submissions comply with "generally accepted medical standards [that] call for information regarding 'duration, intensity, time of onset, and setting' of exposure to asbestos."  App. 33.

Plaintiffs in the instant proceeding served AO 12 disclosures on Defendants in December 2007 (Landes), September 2007 (Conner), October 2007 (Specht), and April 2011 (Streber); each contained a diagnosing medical report.  In response, Defendants

---

[1] Rule 41(b) provides:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).

filed motions to dismiss on the basis that each of Plaintiffs' AO 12 submissions failed to comply with the November 2011 order because they did not contain a sufficient history of exposure to asbestos. App. 288-89, 507-09, 609-10, 649-51. Plaintiffs filed responses in opposition to Defendants' motions, arguing that their submissions were sufficient and that the District Court's interpretation of AO 12 was incorrect. App. 652. On July 23, 2012, the District Court adopted its November 2011 interpretation of AO 12 and granted the Defendants' motions, dismissing with prejudice Plaintiffs' cases for failure to provide a sufficient AO 12 report with respect to exposure history. App. 53-60.

On August 17, 2012, Plaintiffs filed individual motions to reconsider the District Court's order dismissing their cases with prejudice. The District Court denied reconsideration. Plaintiffs' timely notice of appeal to this Court followed.

II.

The District Court had jurisdiction under 28 U.S.C. § 1407, which authorizes the transfer to a single district court of cases presenting common issues of fact. We have appellate jurisdiction under 28 U.S.C. § 1291.

"We review a district court's interpretation of its own orders with deference, particularly in the MDL context." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013) (citing *Gibbs v. Frank*, 500 F.3d 202, 206 (3d Cir. 2007)). We review a district court's decision to dismiss a complaint under Rule 41(b) for an abuse of discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4

III.

Plaintiffs advance several arguments on appeal: (1) that the District Court erred in interpreting AO 12; (2) that the District Court erred in retroactively applying its novel interpretation of AO 12 to dismiss Plaintiffs' cases with prejudice for not complying with AO 12; and (3) that the District Court erred in dismissing Plaintiffs' cases without providing individualized analyses of the claims and the mandatory findings necessary to justify dismissal with prejudice. Each of these arguments fails.

A.

Plaintiffs first argue that the District Court's interpretation of AO 12 as requiring a complete exposure history is incorrect. The proper interpretation, according to Plaintiffs, is that AO 12 only requires a diagnosis of an asbestos-related disease in a medical report that is supported by identified objective and subjective data. Plaintiffs contend that since their submissions satisfied the plain language of AO 12, they were sufficient. We disagree.

"[W]e normally give great deference to a court's interpretation of its own orders . . . ." *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006); *see also Asbestos (No. VI)*, 718 F.3d at 244 (citing *United States v. Davis*, 261 F.3d 1, 58-59 (1st Cir. 2001) ("We defer to [the district court's interpretation of its own case management order] because the district court was uniquely positioned to explain the meaning of its own pretrial order.")).

5

Here, the District Court set forth the requirements of AO 12 in its November 2011 order. The language of AO 12, requiring plaintiffs to submit medical diagnoses or opinions based on objective and subjective data, and statements from reputable medical organizations emphasizing the importance of exposure history in screenings for asbestos-related diseases, informed the District Court's interpretation. While the broad language of AO 12 could support other interpretations, we find no reason not to defer to the District Court's interpretation of its own order requiring plaintiffs to submit asbestos exposure history. *See Asbestos (No. VI)*, 718 F.3d at 244. For the same reasons, we also find that the District Court did not abuse its discretion in imposing the asbestos exposure history requirement.

B.

Plaintiffs also argue that the District Court erred in retroactively applying its novel interpretation of AO 12 to dismiss their cases with prejudice. They contend that their cases should have been dismissed without prejudice.

In determining whether a district court abused its discretion in dismissing a case pursuant to Rule 41(b), we review the manner in which it balanced the six factors set forth in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984). *Asbestos (No. VI)*, 718 F.3d at 246. These six factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness alternative

6

sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis*, 747 F.2d at 868). "'No single *Poulis* factor is dispositive'" and "'not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.'" *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). While engaging in this analysis, we bear in mind that district judges "must have authority to manage their dockets, especially during [a] massive litigation." *Id.* (quoting *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009)). Due to the inherent difficulties in administering cases in multidistrict litigation, "district courts must have wide discretion to manage 'complex issues and potential burdens on defendants and the court' – namely . . . through managing discovery." *Id.* (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000)).

We conclude that the District Court properly considered the *Poulis* factors and, accordingly, did not abuse its discretion in dismissing Plaintiffs' cases with prejudice pursuant to Rule 41(b). "[O]ur ability to satisfy ourselves that the district court did not act arbitrarily, and did consider the relevant factors, is made easier when the dismissal resulted from the defendant's motion and was challenged by the plaintiff before the district court ruled." *Id.* at 248. Here, the District Court considered the *Poulis* factors in its November 2011 order, and the Plaintiffs addressed them in their briefs in opposition to Defendants' motions to dismiss. While the District Court did not explicitly weigh all of the factors in its July 2012 order, it reiterated the case management needs of asbestos

7

multidistrict litigation and the objectives of AO 12, including the need "to avoid unnecessary burdens on defendants." App. 54 n.2. Specifically, the Court stated: "Without evidence of an exposure history for each plaintiff and a medical diagnosis that allows defendants and the Court to sort through, for example, which plaintiffs allegedly were exposed to whose asbestos at which locations, the litigation of thousands of cases could not go forward." App. 53-54 n.2. By not presenting the exposure history necessary to withstand a motion to dismiss, Plaintiffs delayed the progress of their cases and unduly burdened the Defendants.

### C.

Plaintiffs' final argument challenges the District Court's failure to provide Plaintiffs with individualized analyses of their claims and the mandatory findings necessary to justify dismissal with prejudice. This argument fails because, as previously stated, the District Court properly considered the *Poulis* factors in its November 2011 order, the parties addressed them in their briefs, and the Court incorporated those factors into its dismissal of the Plaintiffs' claims in July 2012. Because Plaintiffs failed to provide the submissions necessary to withstand a dispositive motion, the Court was left with little to assess in terms of individualized analysis.

Plaintiffs' argument also fails because they were put on notice in November 2011 of the District Court's view on the diagnostic information required for their cases. *See Asbestos (VI)*, 718 F.3d at 248. Rather than correcting their submissions to comply with

8

AO 12, which they had ample opportunity to do, Plaintiffs chose to argue that the District Court's interpretation was flawed and that their submissions were sufficient. The consequences of taking this route were clear given the District Court's previous dismissals in November 2011. *See id.* ("Plaintiffs chose the strategy of arguing to the contrary, in seeming denial, while the consequences of doing so . . . were quite clear, and admittedly drastic.").

Because the District Court adequately weighed the parties' arguments in accordance with *Poulis*, and Plaintiffs were given the opportunity to cure any potential defects, the District Court did not abuse its discretion in dismissing Plaintiffs' cases pursuant to Rule 41(b).

IV.

For the reasons set forth above, we will affirm the District Court's dismissal with prejudice of the claims in the instant appeal.