NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4423
_____

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)

ANGIE SMIDDY, as daughter, next friend and representative of the
Estate of Bobbie Jean Eledge Crawford, Decedent,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-09-cv-74631 and MDL No. 2-01-md-00875)
District Judge:  Honorable Eduardo C. Robreno

Submitted under Third Circuit LAR 34.1(a)
on June 6, 2014

Before:  HARDIMAN, SCIRICA and ROTH, Circuit Judges

(Opinion filed: December 17, 2014)

_____

O P I N I O N*

_____

**ROTH**, Circuit Judge:

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Angie Smiddy appeals the District Court's October 16, 2013, order dismissing her complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Administrative Order No. 12 (AO 12). We will affirm.

## I.     Background

This appeal comes to us from a Multidistrict Litigation asbestos case, MDL 875, pending before the U.S. District Court for the Eastern District of Pennsylvania. Smiddy alleges that her mother, Bobbie Crawford, was exposed to asbestos and other chemicals brought home by Crawford's husband on his work clothes from his job at Alcoa, Inc. Crawford handled and washed her husband's clothing in their washing machine. As a result of this exposure, Crawford allegedly developed desquamative interstitial pneumonitis (DIP), which ultimately led to her death. On September 11, 2008, Smiddy filed a wrongful death action on her mother's behalf against Alcoa in the U.S. District Court for the Eastern District of Tennessee, which transferred the case over her objection to MDL 875 based on identification of the case as an asbestos personal injury action.

The District Court overseeing MDL 875 issued AO 12 to "facilitate the expeditious movement of pending cases." AO 12 requires a plaintiff complaining of an asbestos-related injury to "submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of claims as if to withstand a dispositive motion." If the plaintiff fails to comply with the order, AO 12 provides that the District Court may dismiss the case pursuant to Federal Rule of Civil Procedure 41(b).

2

On June 15, 2010, Smiddy submitted an affidavit from Dr. Peter Carter, who opined that Crawford's terminal lung disease was caused by her exposure to a variety of contaminants, including asbestos.[1]  On October 22, 2010, the District Court, noting the unique nature of the exposure in this case, ordered Smiddy to "supply an Administrative Order 12 'medical diagnosing report or opinion,' which shall include and elaborate upon the causal nexus between all of the substances Ms. Crawford was exposed to, and her specific disease processes, chronic obstructive pulmonary disease and idiopathic pulmonary fibrosis [(IPF)]."  The District Court also directed Smiddy to provide an amended affidavit from Dr. Carter, in support of his conclusion that "exposure to heavy metals and contaminates [sic] is a known and well documented cause of lung disease."  Smiddy requested discovery and an extension of time to comply with AO 12.  On November 15, 2010, the Magistrate Judge ordered Alcoa to respond to Smiddy's discovery request and granted Smiddy an extension to submit a proper AO 12 medical report.

Alcoa filed a motion for reconsideration contending it did not have to participate in limited discovery until the court found that Smiddy had submitted a sufficient medical opinion.  Smiddy moved to compel Alcoa to comply with the Magistrate Judge's order.  Nine months later, on September 13, 2011, while the motions were still pending, Smiddy submitted an additional affidavit of Dr. Carter, which supplemented the contents of his

---

[1] Dr. Carter's non-exhaustive list of contaminants included beryllium dust, aluminum dust, aluminum oxide dust, carbon dust, carbonate carbon, iron dust, zinc dust, copper dust, alumina dust, magnesium dust, lithium particles, cobalt particles, and/or nickel dust, and asbestos.

first affidavit with general information regarding the causal link between the exposures experienced by Crawford and her lung disease. Dr. Carter added that he "would be able to provide greater detail concerning these issues if [he were] able to review more information concerning the type of chemicals, the forms of the chemicals, and the level of exposure [Crawford's husband] experienced during the years he worked in the plants at Alcoa." On November 15, 2012, the District Court ordered Alcoa to respond to Smiddy's discovery request by December 31, 2012, and ordered Smiddy to file an AO 12 "medical diagnosing report or opinion" by January 30, 2013.

According to Smiddy, on December 31, 2012, Alcoa produced documents demonstrating a causal link between asbestos and two ailments, asbestosis and mesothelioma, which are not at issue in her complaint. Smiddy did not move to compel Alcoa to produce additional documents. Instead, on January 30, 2013, she submitted another affidavit from Dr. Carter who reported that "[n]othing in Alcoa's written responses ha[d] changed [his] prior opinions in any manner."

On October 15, 2013, the District Court determined that the third affidavit was "nearly identical to the report submitted on September 13, 2011, which was deemed insufficient" and noted that Smiddy had three years to file a medical report or opinion that could withstand a dispositive motion under AO 12. The District Court dismissed Smiddy's case with prejudice pursuant to Rule 41(b) for failure to comply with AO 12. Smiddy appeals.

4

## II. Discussion[2]

"We review a district court's interpretation of its own orders with deference, particularly in the MDL context." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013) (citing *Gibbs v. Frank*, 500 F.3d 202, 206 (3d Cir. 2007)). We review a district court's decision to dismiss a complaint under Rule 41(b) for an abuse of discretion. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d at 243 (citing *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002)). A dismissal pursuant to Rule 41(b) "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 260 n.1 (3d Cir. 2011).

Smiddy contends that Dr. Carter's affidavit complied with AO 12 because, under Tennessee law, "[m]edical evidence combined with lay evidence that an incident 'could be' the cause of an injury can support a finding of causation." Smiddy's argument misses the point, which is that she did not comply with AO 12 as it applies to the specific contaminants and disease processes referred to in the complaint.

Pursuant to the District Court's order, Smiddy was required to show a causal nexus between "all" of the substances Crawford was exposed to and her specific disease processes, chronic obstructive pulmonary disease and IPF, as if to withstand a dispositive motion. Dr. Carter did not, however, discuss Crawford's medical records or the progression of her diseases and how they were caused by the list of contaminants alleged

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1407, which authorizes the transfer to a single district court of cases presenting common issues of fact, and we have jurisdiction under 28 U.S.C. § 1291.

in the complaint.  Although he concluded that those contaminants can cause general lung disease, pulmonary fibrosis and chronic industrial bronchitis, Dr. Carter did not link the substances to Crawford's specific disease processes or explain how the medical evidence he examined supported his conclusion.  The Tennessee standard of causation does not change the fact that Dr. Carter did not elaborate upon the nexus between the list of substances and Crawford's specific disease processes.  Therefore, we conclude that the District Court did not err in concluding that Dr. Carter's affidavit was insufficient to comply with its order.

Smiddy also contends that the District Court failed to consider Alcoa's violation of the District Court's discovery orders.  According to Smiddy, the information concerning the nature and levels of the exposures at issue would have allowed Dr. Carter to provide a more complete opinion.  However, Smiddy did not file a motion to compel further discovery after Alcoa's production in December 2012.  Instead, she filed the affidavit from Dr. Carter.

Smiddy also argues that the district court should have mentioned and applied the *Poulis* factors.[3]  We have recognized situations in which a District Court can dismiss an action without expressly considering the *Poulis* factors.  *See, e.g.*, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 247-48 (3d Cir. 2013); *In re Asbestos Prods. Liab. Litig.*, 543 F. App'x 202, 205-06 (3d Cir. 2013).  For that reason, we give the District

---

[3] See the six factors enumerated in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Court's decision "great deference" and review it only for abuse of discretion.[4]  Having reviewed the record, we conclude that the District Court did not abuse its discretion in this case.

Finally, Smiddy contends that the District Court, instead of dismissing the case pursuant to Rule 41(b), should have transferred the case back to Tennessee.  The District Court established a procedure for requests that a case be remanded to the original transferor court.  *See* MDL Administrative Order No. 18.  Smiddy does not dispute that she did not request remand pursuant to AO 18.  Strict compliance with case management and administrative orders is especially critical in MDL litigation.  *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).  Because Smiddy failed to file a proper motion under AO 18, the District Court did not err in dismissing her case instead of transferring it to the Eastern District of Tennessee.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's order dismissing the case pursuant to Rule 41(b).

---

[4] *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).