# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-3511

_____

Kevin L. Noah,               *

                            *

          Appellant,       *

                            *     Appeal from the United States

   v.                         *     District Court for the

                            *     Western District of Missouri.

Bond Cold Storage,       *

                            *          [PUBLISHED]

          Appellee.        *

_____

Submitted: May 12, 2005
Filed: May 23, 2005

_____

Before LOKEN, Chief Judge, HANSEN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Kevin L. Noah sued Bond Cold Storage, his former employer, alleging discrimination and retaliation in the workplace. The district court[1] dismissed his lawsuit with prejudice after Noah failed to comply with a scheduling and trial order and then failed to respond to an order to show cause why the matter should not be dismissed. Noah now appeals the district court's denial of his second motion to set

_____

[1] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

aside the judgment for excusable neglect under Federal Rule of Civil Procedure 60(b)(1). We affirm.

The district court issued a scheduling and trial order on March 11, 2004, directing the plaintiff to file by June 1, 2004, a designation of each incident of discriminatory treatment that might be offered at trial. Noah failed to comply with this order and did not seek leave to file the designation out of time. Bond Cold Storage was consequently unable to file its list of affirmative defenses to each incident by June 14, 2004, as required by the scheduling and trial order, and it therefore moved the court to dismiss the complaint for Noah's failure to designate any incidents of discriminatory treatment. On June 18, 2004, the district court entered an order requiring the plaintiff to show cause by July 1, 2004, why his complaint should not be dismissed for his failure to comply with the scheduling and trial order. Noah failed to respond to the show-cause order, and as a result, the district court dismissed his complaint with prejudice on July 9, 2004. See Fed. R. Civ. P. 41(b) (authorizing dismissal of an action for the plaintiff's failure to comply with any order of court).

On July 19, 2004, Noah's attorney filed a motion to set aside the dismissal but provided no reason for not complying with the court's orders other than that he intended to file the list electronically in response to the court's show-cause order but mistakenly did not do so before he left for vacation in late June. He attached a list of discriminatory treatment incidents but offered no excuse for not complying with the court's original scheduling and trial order deadline of June 1. On August 4, 2004, the district court denied the motion. On August 6, 2004, in a second motion to set aside the judgment, Noah's counsel informed the district court that he did not timely file the designation of incidents by June 1 because his busy schedule diverted his attention. On September 9, 2004, the district court denied the second motion to set aside the dismissal, concluding that neither counsel's carelessness nor busy schedule

constituted excusable neglect for purposes of Rule 60(b)(1). Noah filed a notice of appeal on October 6, 2004.

Noah did not file a notice of appeal within 30 days after the August 4 denial of his first postjudgment motion. See Fed. R. App. P. 4(a)(4)(A)(vi) (permitting the time for appeal to begin running after the entry of an order disposing of a Rule 60(b) motion that was filed within ten days of judgment). His second postjudgment motion was a timely-filed Rule 60(b) motion, but because it was not filed within 10 days of the dismissal, it did not toll the time for appeal of the original dismissal. See id. Thus, Noah's October 6 notice of appeal is timely only with respect to the district court's September 9 order denying his second Rule 60(b) motion to set aside the judgment. See Fed. R. App. P. 4(a)(1)(A) (requiring a notice of appeal to be filed "within 30 days after the judgment or order appealed from is entered").

An appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for our review but only the question of whether the district court abused its discretion in ruling on the Rule 60(b) motion. Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). We will find an abuse of discretion only when the district court's judgment was based on clearly erroneous fact-findings or erroneous conclusions of law. Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999). "Reversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002).

Under Rule 60(b)(1), a district court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The term "excusable neglect" in this context is generally "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" Union Pac. R.R. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 394 (1993)).

To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997). It is generally held that "excusable neglect" under Rule 60(b) does not include ignorance or carelessness on the part of an attorney. Hunt v. City of Minneapolis, 203 F.3d 524, 528 n.3 (8th Cir. 2000); Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969). Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect. See Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir. 2000).

Here, the district court's scheduling and trial order clearly required Noah to file a designation of incidents of discriminatory treatment by June 1, yet Noah failed to comply. Further, the order to show cause clearly warned that a failure to respond would result in a dismissal of the complaint, yet Noah failed to respond. In support of his second Rule 60(b) motion, Noah's counsel stated that his concentration was focused on other matters because his schedule was "unusually complicated after a holiday weekend." (App. at 135.) Noah asserts that the failure to comply with the court's orders should be overlooked because he was not dilatory in other discovery matters in this case and because Bond Cold Storage does not demonstrate that it suffered prejudice from his failure to comply with the court's orders.

After considering all of the relevant circumstances, we find no abuse of discretion in the district court's denial of Rule 60(b) relief in this matter. See Ceridian Corp., 212 F.3d at 403 ("Whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" (quoting Pioneer, 507 U.S. at 395)). Noah has not demonstrated that the facts surrounding his failure to comply with the scheduling and trial order or the order to show cause amounted to excusable neglect on his part within the meaning of Rule 60(b). An attorney's failure to follow the clear dictates of a court order does not amount to excusable neglect. See id. at 404.

Accordingly, we affirm the district court's September 9, 2004, denial of relief under Rule 60(b)(1).

_____