# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4261

_____

Innovative Medical Systems, Inc.,           *
a Missouri corporation; Genesis             *
Medical, Inc., an Indiana                   *
corporation; SC Medical, LLC,               *
a Louisiana corporation; Associated         *
Provider Services, Inc., a Georgia          *
corporation,                                *
                                            *
            Appellants,                     *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   District of Minnesota.
Augustine Medical, a subsidiary of          *
Arizant, Inc., also known as AMI;           *   [UNPUBLISHED]
Arizant, Inc.,                              *
                                            *
            Appellees.                      *

_____

Submitted: September 25, 2006
     Filed:  October 4, 2006

_____

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Innovative Medical Systems, Inc., Genesis Medical, Inc., SC Medical, LLC, and Associated Provider Services, Inc. (collectively the distributors) appeal the denial of their motion for relief from judgment brought under Fed. R. Civ. P. 60(b).  The

district court[1] determined the distributors had not shown exceptional circumstances warranting relief from judgment.  We affirm.

Between 1997 and 2001, each of the distributors purchased the right to market and distribute a medical device manufactured by Augustine Medical.  After Augustine pleaded guilty to federal fraud charges arising out of a Medicare reimbursement scheme involving the device, the distributors filed this action alleging Augustine violated provisions of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968, by conspiring to defraud the distributors through the reimbursement scheme.

The district court granted a motion for judgment on the pleadings brought by Augustine, concluding the distributors failed to plead their RICO claims with the particularity required by Fed. R. Civ. P. 9(b).  In doing so, the district court rejected the distributors' contention that they could not plead their RICO claims with more specificity because their records had been seized by the Federal Bureau of Investigation (FBI) as part of its investigation against Augustine, stating: "As the alleged misrepresentations were made to [the distributors], however, it stands to reason that [the distributors] would be able to provide the specifics noted above." J.A. at 157.

The distributors filed a motion for relief under Rule 60(b), as well as a motion to amend the complaint by adding factual allegations they concede were derived from the criminal indictment against Augustine or the subsequent plea agreements.  The district court denied the motion because the distributors did not specify under which prong of Rule 60(b) they sought relief, or explain why they failed to "to plead information that has been within [their] knowledge at all times." Id. at 277.  The

_____

[1] The Honorable Michael J. Davis, United States District Judge, District of Minnesota.

district court determined the distributors had "not plead[ed] any exceptional circumstances sufficient to trigger the extreme relief that Rule 60(b) provides." Id. The distributors filed a timely appeal.

The only issue properly before us is whether the distributors presented evidence of exceptional circumstances such that the district court's denial of Rule 60(b) relief constituted an abuse of discretion, because "[a]n appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for our review but only the question of whether the district court abused its discretion in ruling on the Rule 60(b) motion." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005). "We will find an abuse of discretion only when the district court's judgment was based on clearly erroneous fact-findings or erroneous conclusions of law." Id.

The record shows the distributors sought to reopen the district court's judgment by repleading their fraud claims to include information available to them prior to the filing of their federal lawsuit. Under these circumstances, the district court did not abuse its discretion in determining the distributors had not demonstrated the exceptional circumstances requisite to reopening a judgment under Rule 60(b).

Accordingly, we affirm the district court's judgment.
_____