# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 14-6005

_____

In re: Patriot Coal Corporation, also known as Eastern Coal Holding Company, Inc., also known as Patriot Coal Corporation Midwest

*Debtor*

-------------------------------

Debra Pettry, Individually and as Executrix of the Estate of Denver Pettry; Franklin Stump; Marsha Stump; Alfred Price; Willa Price; Robert Scarbro; Theresa Scarbro; David Evans; Kathye Evans; Westley Fraley; Judy Fraley; Danny Gunnoe; Carol Gunnoe; Kermit Morris; Kathy Morris; A Class of Others Similarly Situated

*Claimants - Appellants*

v.

Patriot Coal Corporation

*Debtor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 12, 2014
Filed: June 5, 2014

_____

Before KRESSEL, SALADINO and SHODEEN, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

This is an appeal by certain claimants ("Pettry Claimants") arising from an order of the bankruptcy court[1] filed February 11, 2014, denying a motion for reconsideration of a November 8, 2013, order sustaining the Debtor's seventeenth omnibus objection to claims. For the reasons that follow, we affirm.

## *Factual Background*

On March 28, 2002, the Pettry Claimants filed a putative class action against Eastern Associated Coal, LLC, f/k/a Eastern Associated Coal Corporation, and other chemical manufacturers and coal plants in the Circuit Court of Boone County, West Virginia. The suit was filed on behalf of coal plant workers and their spouses seeking money damages and equitable relief after enduring harms from exposure to chemicals used in the coal plants. The case was subsequently transferred to the Circuit Court of Marshall County, West Virginia, because a similar case was pending in that county. For reasons that are not entirely clear, the litigation progressed slowly over the next ten years.

On July 9, 2012, Patriot Coal Corporation and numerous affiliated entities, including Eastern Associated Coal, LLC filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.[2] Venue of the bankruptcy cases was

_____

[1]The Honorable Kathy A. Surratt-States, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

[2]The bankruptcy cases of Patriot Coal Corporation and its affiliated entities are
(continued...)

-2-

subsequently transferred to the United States Bankruptcy Court for the Eastern District of Missouri. Soon after the bankruptcy filing, the jointly administered Debtors filed a notice in the West Virginia litigation, alerting the state court of the pending bankruptcy cases. As a result of that notice, the West Virginia court issued a notice of intent to proceed with the Pettry Claimants' litigation "relative to all parties and all causes of action, with the exception of any which may relate to Defendant, Patriot Coal Corp. and its affiliated companies." On December 14, 2012, the Pettry Claimants timely filed proofs of claim in the Debtors' bankruptcy cases based on the West Virginia litigation.[3]

On January 11, 2013, the West Virginia court entered its "Order Granting Defendants' Motions for Summary Judgment and Dismissing All Remaining Claims with Prejudice." Pursuant to that order, the West Virginia court granted summary judgment in favor of the defendants other than the Debtors and dismissed the Pettry Claimants' causes of action against the Debtors, with prejudice, as a "sanction for the dilatory manner in which [the Pettry Claimant's] claims were prosecuted." The Pettry Claimants sought reconsideration, which the state court denied. On May 22, 2013, the Pettry Claimants filed a notice of appeal with the West Virginia Supreme Court of Appeals.[4]

On September 20, 2013, Debtors filed an omnibus objection to the Pettry Claimants' proofs of claim asserting the preclusive effect of the West Virginia state court judgment dismissing the litigation. The Pettry Claimants resisted the omnibus

---

[2](...continued)
being jointly administered under the Patriot Coal Corporation case.

[3]Each of the Pettry Claimants filed two proofs of claim – one in the Patriot Coal Corporation case (even though Patriot Coal Corporation was not a defendant in the West Virginia litigation) and one in the Eastern Associated Coal, LLC case.

[4]The disposition, if any, of that appeal is not in the record.

objection for several reasons, including the primary argument they make in this appeal – that the state court dismissal order was in violation of the automatic stay of 11 U.S.C. § 362(a) and is void. On November 8, 2013, after a hearing on the matter, the bankruptcy court issued an order sustaining the Debtors' omnibus objection.

The Pettry Claimants did not appeal the bankruptcy court's order of November 8, 2013. Instead, on December 16, 2013, after the time for appeal had expired, the Pettry Claimants filed a motion for reconsideration pursuant to 11 U.S.C. § 502(j) and Rule 3008 stating that "the equities of the matters at issue warrant the court's further consideration." The Pettry Claimants again argued that the state court action should still exist because the state court's dismissal order was void as a violation of the automatic stay.

After a hearing on January 28, 2014, the bankruptcy court issued its order (filed February 11, 2014) denying the motion for reconsideration. The court held that the Pettry Claimants had not shown cause for reconsideration and that such a motion may not be used as a substitute for a timely appeal. The Pettry Claimants then filed this appeal. Accordingly, the order on appeal is the bankruptcy court's February 11, 2014, order denying the Pettry Claimants motion for reconsideration pursuant to § 502(j) and Rule 3008, *not* the bankruptcy court's November 8, 2013, order sustaining the objection to claims, nor, of course, the state court's order dismissing the litigation.

### *Standard of Review*

Abuse of discretion is the appropriate standard to review a bankruptcy court's decision under 11 U.S.C. § 502(j). *Halverson v. Estate of Cameron (In re Mathiason)*, 16 F.3d 234, 239 (8th Cir. 1994) (citing *Colley v. Nat'l Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) and *Employment Sec. Div. v. W.F. Hurley, Inc. (In re W.F. Hurley, Inc.)*, 612 F.2d 392 (8th Cir. 1980), *cert. denied*, 484 U.S. 898 (1987)). An abuse of discretion will only be found if the bankruptcy court fails to

apply the proper legal standards or bases its judgment on clearly erroneous factual findings. *Barger v. Hayes County Non-Stock Co-op (In re Barger)*, 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998).

## *Discussion*

The Pettry Claimants sought reconsideration of the bankruptcy court's November 8, 2013, order under 11 U.S.C. § 502(j), which provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." *See also* Fed. R. Bankr. P. 3008. However, while a bankruptcy court has the power to reconsider the allowance or disallowance of a claim for cause by virtue of § 502(j) and Bankruptcy Rule 3008, the court's discretion should not encourage parties to avoid the usual rules for finality of contested matters. *Colley*, 814 F.2d at 1010.

> We interpret Rule 9024 to provide that, when a proof of claim has in fact been litigated between parties to a bankruptcy proceeding, the litigants must seek reconsideration of the bankruptcy court's determination pursuant to the usual Rule 60 standards if they elect not to pursue a timely appeal of the original order allowing or disallowing the claim.

*Id. See also W. F. Hurley, Inc.*, 612 F.2d at 396.

An order denying relief under Rule 60(b) is a final order that may be appealed. *Sanders v. Clemco Indus.*, 862 F.2d 161, 165 n.3 (8th Cir. 1988). However, "the appeal of the denial of a Rule 60(b) motion does not raise the underlying judgment for [the appellate court's] consideration and review but only presents the merits of the Rule 60(b) motion for [the appellate court's] consideration." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (citing *Sanders*, 862 F.2d at 169). Our review is

limited to the bankruptcy court's order denying the Debtor's motion for reconsideration. We review that order only for abuse of discretion. *Sanders*, 862 F.2d at 165 n.3.

In their appellate briefs, the Pettry Claimants expend considerable efforts attacking the merits of the West Virginia state court's judgment on the theory that it violated the automatic stay, which they seem to believe affects the validity bankruptcy court's order, apparently in an effort to support reconsideration under Rule 60(b)(4) which provides for relief when the underlying judgment is void. In 2010, the United States Supreme Court discussed Rule 60(b)(4) as follows:

> A void judgment is a legal nullity. . . . [A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. . . . The list of such infirmities is exceedingly short; otherwise Rule 60(b)(4)'s exception to finality would swallow the rule.
>
> "A judgment is not void," for example, "simply because it is or may have been erroneous." . . . Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (citations omitted).

Here, the Pettry Claimants fail to identify a single infirmity that would cause the bankruptcy court's order of November 8, 2013 (which is the order they asked the court to reconsider), to be void. It was entered only after notice and a hearing at which the Pettry Claimants participated through counsel.

-6-

The Pettry Claimants repetitively argue that the West Virginia state court's judgment dismissing their class action claims was in violation of the automatic stay and, therefore, void *ab initio*. *See LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317 (B.A.P. 8th Cir. 2009) (holding that under the circumstances of that case, an action taken in violation of the automatic stay is void *ab initio*). However, this is not an appeal of the West Virginia state court judgment. Regardless, even *if* the state court judgment were void (a conclusion we are not willing to make), there is no similar infirmity with regard to the bankruptcy court's order of November 8, 2013, nor does it excuse the Pettry Claimants' failure to timely appeal that order. The purported violation of the automatic stay by the entry of judgment in West Virginia was raised and argued by the Pettry Claimants in response to the claim objection, and it was specifically rejected by the bankruptcy court. Their remedy was to file a timely appeal; not to seek reconsideration after the time for appeal had run. *In re Immenhausen Corp.*, 166 B.R. 449, 451 (Bankr. M.D. Fla. 1994) (stating "[i]t should be stated at the outset that § 502(j) and the corresponding Bankruptcy Rule 9024 was never designed to serve as a substitute for an appeal.")

The Pettry Claimants' motion for reconsideration does not raise any new issues or any other grounds for reconsideration of the bankruptcy court's order. It simply restates the arguments that were specifically argued to and rejected by the bankruptcy court. Accordingly, the bankruptcy court properly denied the motion. *In re Costello*, 136 B.R. 296, 299 (Bankr. M.D. Fla. 1992) (holding "[t]hus, if a Motion for Reconsideration is nothing more than a rehash of the original Objection to Claim, absent an allegation of fraud, newly-discovered evidence which is material, mistake, or excusable neglect, the Motion cannot be considered favorably.")

### Conclusion

Because the bankruptcy court did not abuse its discretion in denying the motion to reconsider, the bankruptcy court's order filed February 11, 2014, is affirmed.

_____