# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2856

_____

Rickey L. Giles

*Plaintiff - Appellant*

v.

Saint Luke's Northland-Smithville

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 24, 2018
Filed: November 8, 2018
[Published]

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Rickey Giles sued his former employer, Saint Luke's Northland-Smithville, for alleged employment discrimination. Saint Luke's moved for summary judgment, and Giles failed to timely respond. After the response deadline expired, Giles asked for

additional time to respond, but the district court[1] denied his request and entered summary judgment in favor of Saint Luke's. Giles moved for reconsideration of his request for additional time, and the district court denied that motion. He appeals from that denial.

I.

In 2016, Giles sued Saint Luke's for hostile work environment, retaliation, and discrimination on the basis of race, color, and age. On the parties' motion, the district court issued an amended scheduling order setting April 6, 2017, as the deadline for completing all pretrial discovery. The district court also directed the parties to file all dispositive motions no later than May 5, 2017.

Saint Luke's filed a timely motion for summary judgment on May 5. Giles had 21 days, or until May 26, to respond. Giles did not do so. Instead, on June 4—nine days after the deadline—Giles filed a motion for additional time to respond. Giles gave three justifications for his request: (1) he had been deposed on June 1 for another discrimination case involving Saint Luke's and needed to review that deposition; (2) his counsel had an appellate brief due in five days; and (3) his counsel had an upcoming one-week trip. Giles requested until June 30 to file his response opposing summary judgment.

On June 7 the district court denied Giles's motion and granted summary judgment in favor of Saint Luke's. The district court found Giles's request for additional time, and his failure to comply with the response deadline, to be wholly unjustified. And because Giles had failed to respond, the district court considered the summary judgment motion unopposed and deemed admitted the statement of

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

uncontroverted facts that Saint Luke's had filed. Based on those facts and after an independent review of the record, the district court found that Saint Luke's was entitled to judgment as a matter of law on all of Giles's claims. Judgment was entered the next day.

Giles did not appeal. On June 30, he filed a motion asking the district court to reconsider its denial of his motion for additional time. Giles's counsel reiterated that his other cases had taken more of his time than anticipated, and explained that because Saint Luke's had agreed to additional depositions, presumably to occur after the discovery deadline set by the court, he believed that this agreement had also extended the deadline to respond to the summary judgment motion. Counsel requested until July 10 to finally oppose the summary judgment motion, again to accommodate his personal travel.

The district court denied Giles's motion to reconsider. Because judgment had been entered in the case, it construed the motion as one for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b). The district court found that the reasons Giles's counsel gave—a desire for more depositions, absence from the office for personal travel, and other work demands—did not warrant relief under Rule 60(b).

II.

Giles does not challenge the district court's decision to construe his motion as one under Rule 60(b). To the contrary, he states that it is what he "intended and hoped for." We review the denial of a motion under Rule 60(b) for abuse of discretion. Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 118 (8th Cir. 1997). "Reversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002). "We

will find an abuse of discretion only when the district court's judgment was based on clearly erroneous fact-findings or erroneous conclusions of law." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam). "An appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for our review but only the question of whether the district court abused its discretion in ruling on the Rule 60(b) motion." Id.; accord Williams v. York, 891 F.3d 701, 706 (8th Cir. 2018).[2]

The district court analyzed Giles's motion under Rule 60(b)(1), which provides that courts "may relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1). When determining whether neglect is excusable, courts consider the following factors derived from Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993): "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 866 (8th Cir. 2007). "The existence of a meritorious defense is also a relevant factor." Feeney v. AT & E, Inc., 472 F.3d 560, 563 (8th Cir. 2006).

The district court did not expressly evaluate each of these factors, but its order demonstrates that they informed its analysis. And in any event, "a court's failure to explicitly balance the *Pioneer* factors does not mandate an automatic reversal." In re Guidant Corp., 496 F.3d at 866–67 n.3. Our independent consideration of all the factors now demonstrates that the district court did not abuse its discretion in denying Giles's motion under Rule 60(b)(1).

---

[2]Giles does not appeal from the district court's order granting summary judgment in favor of Saint Luke's.

The first two Pioneer factors—the danger of prejudice to Saint Luke's and the length of the delay and its potential impact on judicial proceedings—favor Giles. Saint Luke's does not claim any prejudice, and we discern none. This is not a case where, for instance, Giles's conduct has imperiled Saint Luke's defense. See id. at 867 (danger of prejudice was substantial where defendant was under time pressure to investigate thousands of claims). Discovery has closed here, and Saint Luke's submitted a fully-briefed motion for summary judgment. The length of the delay and its impact on the case are also minimal. Giles filed his motion for an extension of time nine days after his response was due. He moved for reconsideration within a month of the district court's entry of judgment. In total, Giles asked for an additional 45 days from the original deadline to respond to the motion for summary judgment. As Saint Luke's concedes, a 45-day delay is likely insignificant. And there is no showing that this relatively short delay would impact the judicial proceedings in any appreciable way.

We reach a similar conclusion as to the third factor—whether the movant has acted in good faith. In assessing this factor, we have "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). "We have rarely, if ever, excused the former." Id. This factor also favors Giles. While we do not condone Giles's counsel's "cavalier approach to litigation," we are persuaded that "it did not exhibit an intentional flouting or disregard of the court and its procedures." Id. at 785. Giles therefore did not act in bad faith.

But we reach the opposite conclusion as to the final and most important factor—the reason for delay. See Feeney, 472 F.3d at 563 ("Whether the movant had a good reason for delay is a key factor in the analysis . . . ."). This factor weighs heavily against Giles. His counsel does not claim that he was unaware of the response deadline, or that he somehow inadvertently missed it. Rather, he readily

-5-

admits that he initially failed to timely respond because he prioritized other matters. And when he finally responded nine days late, it was not to ask for leave to file a prepared response out of time. It was to request even *more* time to prepare a response and to accommodate a busy work schedule and personal travel. In his motion to reconsider, Giles's counsel then claimed that he understood Saint Luke's willingness to allow more depositions even after close of discovery as somehow extending the deadline set by the court, and that he needed more time to take depositions long past the discovery deadline. But "[n]either a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." Noah, 408 F.3d at 1045. Indeed, "[i]t is generally held that 'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney." Id.

Moreover, at no point in the proceedings has Giles actually offered a meritorious defense. We find it particularly troubling that even in the motion to reconsider, Giles still sought additional time to prepare a response. In other words, Giles has never attempted to show why Saint Luke's is not entitled to summary judgment. And when the district court independently considered the record, it granted summary judgment in favor of Saint Luke's. See Interstate Power Co. v. Kan. City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim."). Giles thus fails to satisfy the meritorious defense factor of our analysis.

In sum, although Giles's delay was relatively brief, Saint Luke's makes no claim of prejudice, and Giles did not act in bad faith, these factors do not outweigh Giles's carelessness or mistakes in construing the rules and the absence of any apparent meritorious defense. See Feeney, 472 F.3d at 564. We therefore conclude that the district court did not abuse its discretion in denying Giles's motion to reconsider under Rule 60(b)(1).

-6-

On appeal, Giles does not address any of the <u>Pioneer</u> factors or his lack of a meritorious defense.  Rather, he relies only on the "exceptional circumstances" test courts employ to analyze whether relief is warranted under Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6); <u>see also</u> <u>Atkinson v. Prudential Prop. Co.</u>, 43 F.3d 367, 373 (8th Cir. 1994).  Giles waived this argument by failing to raise it in the district court.  But even so, this case is not one of "'exceptional circumstances' warranting relief under Rule 60(b)(6)."  <u>Inman</u>, 120 F.3d at 119. "Rule 60(b)[6] has never been a vehicle for relief because of an attorney's incompetence or carelessness."  <u>Id.</u> (quoting <u>Sutherland v. ITT Cont'l Baking Co.</u>, 710 F.2d 473, 476–77 (8th Cir. 1983)).

## III.

Accordingly, we affirm.  We also deny as moot Giles's pending, untimely motion for oral argument.  <u>See</u> 8th Cir. R. 34A(d).

_____