# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 18-6029

_____

In re: Jeannette Elaine Curran

*Debtor.*

------------------------------

Jeannette Elaine Curran

*Debtor – Appellant,*

v.

Fred Charles Moon,

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri

_____

Submitted: January 3, 2019
Filed: January 25, 2019

_____

Before SCHERMER, SHODEEN and SANBERG, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge,

The Debtor, Jeannette Curran, appeals the Bankruptcy Court's[1] denial of her Motion to Reconsider the Order entered which indefinitely extended the deadlines for payment of the last two installments of her filing fee. For the reasons that follow, we affirm.

FACTUAL BACKGROUND

Curran filed a voluntary chapter 7 petition simultaneously with an application to waive the filing fee. Her application was denied, and she was ordered to pay four equal installments on specific dates between April and July 2018. After conducting the 341 meeting the Chapter 7 Trustee filed objections to Curran's exemption claims and an adversary proceeding to recover real estate she transferred pre-petition. Curran amended her schedules and objections to those amendments were lodged by the Trustee. His objections to exemptions were sustained and sanctions were imposed against Curran. She then moved to voluntarily dismiss her bankruptcy case which was denied as well as her motion to reconsider that ruling.

Two installment payments were timely made by Curran. When the third installment payment was not received a standard order was entered to show cause why the case should not be dismissed. The Trustee filed a response requesting that automatic dismissal of the case for non-payment of the filing fee be denied. On June 22, 2018 the Bankruptcy Court entered an order vacating the Order to Show Cause which stated: "The Court will extend the Third and Final Installment deadlines indefinitely pending the Chapter 7 Trustee's filing of a Final Report or

_____

[1] The Honorable Cynthia A. Norton, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

NDR.[2]"  On July 12, 2018 Curran asked the Court to reconsider this order.  Her filing was construed as a motion made under Rule 60(b).  The Court denied relief and Curran appealed.

## STANDARD OF REVIEW

An order denying relief under Rule 60(b) is reviewed for abuse of discretion. *Needler v. IRS (In re Burival)*, 449 B.R. 371, 377 (B.A.P. 8ᵗʰ Cir. 2014).  An abuse of discretion occurs when a court's judgment is based on either clearly erroneous facts or conclusions of law.  *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8ᵗʰ Cir. 2005); *Pettry v. Patriot Coal Corp.,* 511 B.R. 563, 565 (B.A.P. 8ᵗʰ Cir. 2014).

## DISCUSSION

"An appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for our review but only the question of whether the district court abused its discretion in ruling on the Rule 60(b) motion."  *Noah*, 408 F.3d at 1045 (citations omitted).  Curran's request for reconsideration was filed outside of the 14 day time period for a timely appeal of the June 22, 2018 order.  Consequently, the result of that order is not the subject of this appeal.  Fed. R. Bank. P. 8022(a)(1); *Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.),* 346 F.3d 31, 35 (2d Cir. 2003) (rule 60(b) motion is not a vehicle to assert a time barred appeal).  Our review is strictly limited to the merits of Curran's Rule 60(b) motion.

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or

---

[2] A report that no assets are available for distribution.

excusable neglect." It also includes a catch-all provision that allows a court to consider granting relief where it is justified for any other reason. Fed. R. Civ. P. 60(b)(6). Rule 60(b) motions are left to the sound discretion of the court. "Rule 60(b)(1) relief will not be granted merely upon a showing of mistake. The movant must establish a meritorious defense, lack of prejudice to the plaintiff and freedom from culpability." *Forbes v. Forbes (In re Forbes)*, 218 B.R. 48, 52 (B.A.P. 8th Cir. 1998) (citations omitted). "Reversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases." *In re Burival*, 449 B.R. at 377.

Curran's briefs contain extensive and repetitive factual argument expressing frustration with the bankruptcy process but she fails to identify any clearly erroneous facts or an incorrect application of the law that would entitle her to relief under any of the circumstances identified in Rule 60(b). We see no error or abuse of discretion in the Bankruptcy Court's Order denying Curran's motion for reconsideration.

Accordingly, the Bankruptcy Court's order is AFFIRMED.

_____