# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-2911
_____

Hollis Shannon Winfrey

*Plaintiff - Appellant*

v.

Ford Motor Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: March 24, 2021
Filed: March 29, 2021
[Unpublished]
_____

Before SHEPHERD, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Hollis Winfrey appeals following the district court's[1] denial of his motion seeking reconsideration of the judgment dismissing this employment discrimination action. For the following reasons, we affirm.

In November 2019, Winfrey filed his pro se complaint, naming his former employer, Ford Motor Company. The district court thereafter granted Ford's motion to dismiss the complaint, concluding, inter alia, that some of Winfrey's claims were untimely, while others failed to state a claim. Judgment was entered on April 1, 2020. In July, Winfrey moved for "reconsideration," asserting, for various reasons, that he was unable to timely raise his claims. On August 20, the district court entered an order denying the motion, concluding that Winfrey's arguments did not merit relief under, as relevant, Federal Rule of Civil Procedure 60(b)(1) (court may relieve party from final judgment or order due to, inter alia, mistake, inadvertence, surprise, or excusable neglect). On September 11, Winfrey filed his notice of appeal (NOA). On appeal, he challenges the district court's dismissal of his complaint, and asserts that he was entitled to relief under Rule 60(b).

Initially, we conclude that appellate jurisdiction is limited to the district court's order denying Winfrey's motion for reconsideration under Rule 60(b), as that is the only order which he timely appealed. See Fed. R. App. P. 4(a) (NOA must be filed within 30 days after entry of judgment or order appealed from; if party filed, inter alia, motion under Rule 60 no later than 28 days after entry of judgment, time to file appeal runs from entry of order disposing of such motion); see also United States v. Stute Co., 402 F.3d 820, 822 (8th Cir. 2005) (timely filing of NOA is mandatory and jurisdictional). We further conclude, after careful review of the record and the parties' arguments on appeal, that the district court did not abuse its discretion in

---

[1]The Honorable Greg Kays, United Stated District Judge for the Western District of Missouri.

-2-

denying relief under Rule 60(b).  See Giles v. Saint Luke's Northland-Smithville, 908 F.3d 365, 368 (8th Cir. 2018) (per curiam) (standard of review; reversal of denial of Rule 60(b) motion is rare, as it only authorizes relief in exceptional circumstances).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____