Michael B. Crew, Sioux Falls, S.D., for appellant.

Jeffrey D. Gednalske, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and STUART *, Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Thomas E. Wegner appeals from a district court [1] order affirming the bankruptcy court's [2] decision to subordinate his security interest in the proceeds from the sale of a liquor license to the interest of the Valley National Bank. This order was entered following remand after our decision in *Wegner v. Grunewaldt,* 821 F.2d 1317 (8th Cir.1987). The bankruptcy court found that Wegner had unconditionally authorized the transfer of the license, thereby subordinating his priority as a creditor. The district court held this finding to not be clearly erroneous. We affirm.

**In re BLT II, LTD., Debtor.**

**Thomas E. WEGNER, Appellant,**

v.

**VALLEY NATIONAL BANK, a National Banking Corporation, Appellee.**

No. 88–5181.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1988.

Decided March 21, 1989.

---

\* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

2. The Honorable Peder K. Ecker, United States Bankruptcy Judge for the District of South Dakota.

The facts underlying this case may be found in our prior decision, *Wegner*, 821 F.2d 1318–20. We there held that Wegner could have made a conditional authorization of the transfer under South Dakota law to protect his interests, and noted then that the evidence was contradictory, and that the decision could plausibly go either way. *See id.* at 1322. We remanded for factual findings as to whether the authorization was conditional.

 On remand the bankruptcy court found the authorization to have been unconditional. Wegner argues that this finding was incorrect. We may not disturb a bankruptcy court's factual findings unless they are clearly erroneous. *See Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *In re Dahlquist*, 751 F.2d 295 (8th Cir.1985). Factual findings cannot be clearly erroneous when the evidence permits two possible views. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985). Here the record shows ample evidence to support the possibility that Wegner's authorization was unconditional.

Wegner testified that he knew of the proposed license transfer, and a stock redemption agreement executed by him confirms this fact. Similarly, the purchase contract for the liquor license explicitly grants Wegner a security interest in the license; a provision that would be unnecessary had Wegner retained his previous rights through a conditional authorization. There is evidence to support Wegner's position, but the conflict was to be resolved by the finder of fact, the bankruptcy court. We conclude that the finding was not clearly erroneous.

Wegner argues that there are internal inconsistencies between the bankruptcy court's findings in the first set of hearings and after remand. Studying these findings that are the basis for Wegner's argument in light of the record before the bankruptcy court, we are unpersuaded. Wegner also argues that the South Dakota Supreme Court, in *Rushmore State Bank v. Kury-*

*las, Inc.*, 424 N.W.2d 649 (S.D.1988), announced a requirement of consent in writing for an authorization to dispose of a security interest. We read *Kurylas*, and its discussion of authorization in the security agreement or "otherwise," as not foreclosing proof of authorization by means other than in writing. *See Kurylas*, 424 N.W.2d at 658.

We affirm the judgment of the district court.