In re Perry Roy KETELSEN and Lola Mae Ketelsen, Debtor.

UNITED STATES of America Acting By and Through the FARMERS HOME ADMINISTRATION, Appellees,

v.

Perry Roy KETELSEN, Lola Mae Ketelsen and Dennis Whetzal, Trustee, Appellants.

No. 88-5125.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 4, 1988.

Decided July 10, 1989.

Frances R. (Burnett) Becker, Rapid City, S.D., for appellants.

Robert J. Haar, Sioux Fall, S.D., for appellees.

Before LAY, Chief Judge, and WOLLMAN and BEAM, Circuit Judges.

LAY, Chief Judge.

Lola and Perry Ketelsen operated a 1,100 acre farm in Meade County, South Dakota. By 1986, the Ketelsens had become indebted to the Farmers Home Administration (FmHA), in excess of $240,000. Ketelsens were in default on this indebtedness. On October 14, 1986, FmHA notified the Ketelsens by letter that it planned to direct the IRS to offset $2,166 of the Ketelsens' 1986 federal income tax return against their FmHA obligation. The FmHA notification instructed the Ketelsens that they had sixty days in which to contact FmHA regarding the offset. Perry Ketelsen did not contact FmHA but instead delivered the notice to his attorney. The attorney apparently did not contact FmHA.

Ketelsens filed their chapter 12 bankruptcy petition on December 31, 1986. FmHA was listed as a secured creditor, and received notice of the proceedings. FmHA subsequently participated in the bankruptcy proceedings. On February 28, 1987, the Ketelsens filed their 1986 federal income tax return. The IRS notified Ketelsens on April 6, 1987, that they were entitled to a refund of $3,446, but that $2,166 had been credited to FmHA as an offset against Ketelsens' past-due obligations. Following this notice, Ketelsens' attorney notified FmHA that it was violating the automatic stay provision (11 U.S.C. § 362(a)) in attempting to obtain the offset.

In response to the Ketelsens' objections, the FmHA county supervisor requested guidance from FmHA's state director. By May 4, 1987, the FmHA county supervisor had been informed by the state director's office that FmHA's intention was to retain the offset. On May 5, the Ketelsens' attorney notified the county supervisor that the retention of the offset was damaging the Ketelsens because they needed the money to plant some of their crops. The state director responded that FmHA would continue to hold the refund. Ketelsens' attorney received a letter from United States Department of Agriculture attorney Robert Reid reasserting FmHA's position that it was legally entitled to the offset amount.

The Ketelsens then filed their law suit against the United States, acting by and through the FmHA, on May 26, 1987. Ketelsens sought actual and punitive damages, and attorneys' fees and costs. The suit came to trial on August 24, 1987. The bankruptcy court[1] found that FmHA had violated the Bankruptcy Act's automatic stay provisions. The bankruptcy court further found that FmHA's violation was done actively, willfully and with notice. Clerk's record at 34–36. Consequently, the Ketelsens were awarded $1,100 in actual damages, $13,284.96 in punitive damages and $3,332.28 in attorneys' fees and costs. The judgment also provided for FmHA to return to Ketelsens the $2,166 offset.

FmHA appealed this judgment. The district court, 104 B.R. 242, upheld the bankruptcy court's finding that FmHA had violated the automatic stay by effecting the offset. The district court reversed the bankruptcy court's awards of actual and punitive damages. The district court's reversal of the actual damages was based on its findings that the $1,100 award was unsupported by the evidence and that the evidence showed that the refund would have been used to pay attorneys' fees. Thus, the debtors' claim that the offset prevented them from planting their crops was not to be credited.

The district court also reversed the punitive damages award. Although it found that under 11 U.S.C. § 106 (1982) and 11 U.S.C. § 362(h) (Supp. V 1987), FmHA had waived its sovereign immunity defense, the district court found that FmHA's conduct would not justify such an award. Since the district court had agreed that FmHA's violation of the stay was willful, it did uphold the attorneys' fees award. FmHA did not cross-appeal the attorneys' fees award. Thus, this issue is not now before us.

Discussion

On appeal, the Ketelsens raise several issues. Some of the issues concern the district court's denial of Ketelsens' motion to dismiss, based upon FmHA's tardy filing of its appeal brief. The court has great discretion in ruling upon such motions. After careful consideration of the Ketelsens' arguments, we conclude that the district court acted within its wide range of discretion in denying the Ketelsens' motion to dismiss. We therefore affirm the district court's actions in this regard.

Ketelsens' other arguments relate to the vacation of the damages awards. After determining that FmHA had willfully violated the automatic stay, the bankruptcy court found that the violation had damaged the Ketelsens. Consequently, the bankruptcy court awarded the Ketelsens $1,100 in actual damages, $13,284.96 in punitive

---

1. The Honorable Peder K. Ecker, United States Bankruptcy Judge for the District of South Dakota.

damages and $3,332.28 in attorneys' fees and costs. On appeal to the district court, the actual and punitive damages awards were reversed.

Compensatory Damages

■ At trial, the bankruptcy court found that the Ketelsens had suffered actual damages of $1,100 as a result of FmHA's offset. The actual damages resulted from "damages incurred from being unable to plant and harvest 80 acres of oats located on [the Ketelsens'] home place." In reviewing the award, the district court first noted that "the trial transcript reveals a number of contradictions." *United States v. Ketelsen*, No. 87–5126, slip op. at 22 (D.S.D. Mar. 4, 1988). Perry Ketelsen had testified that because he did not receive the entire tax refund, he was unable to purchase oat seed. He was thus unable to plant eighty acres of oats on his own acreage. On appeal, FmHA asserted that Ketelsen's designation of summer fallow in his description of his land use for the 1987 planting season negated his claim that he planned to plant oats on that particular land. The district court thus accepted FmHA's explanation that Perry Ketelsen could not have been damaged by *not* planting oats. FmHA also argued that Ketelsens' chapter 12 plan designated the IRS refund as source of payment for the Ketelsens' accumulating bankruptcy-related attorneys' fees. The district court found this also negated Ketelsens' claim of damage due to insufficient funds to plant the oats. Partly due to these considerations, the district court found that the compensatory damages award was unsupported by the evidence, and reversed. Judges Wollman and Beam find that the district court did not err and therefore the district court judgment is affirmed.[2]

---

**2.** I, however, disagree and must therefore dissent.

On appeal from a bankruptcy court judgment, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013. The Supreme Court has observed: "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Although *Gypsum* involved the interpretation of Federal Rule of Civil Procedure 52(a), the Bankruptcy Rule 8013 advisory committee's note states: "This rule accords to the findings of a bankruptcy judge the same weight given the findings of a district judge under Rule 52 [of the Federal Rules of Civil Procedure] * * *." The standards are thus identical. As such, the standard has been consistently upheld by courts within this jurisdiction. *First Nat'l Bank of Clinton v. Julian*, 383 F.2d 329, 333 (8th Cir.1967); *In re Cook*, 72 B.R. 976, 980 (W.D.Mo.1987); *Kidder Skis Int'l v. Williams*, 60 B.R. 808, 809 (W.D.Mo.1985).

In reviewing the appeal before the district court, our court has observed:

As the second court of review, however, we review the district court's factual and legal conclusions entirely on a de novo basis. In essence, we conduct an independent review of the bankruptcy court's judgment, asking whether the bankruptcy court's legal conclusions are correct and whether its factual findings are clearly erroneous.

*Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987), aff'd after remand on other grounds sub nom. *In re BLT II*, 870 F.2d 456 (8th Cir. 1989). Accordingly, I find that the district court erred in reversing the bankruptcy court on this issue.

Ketelsens have argued here that the reason the eighty acres in contention were described at trial to be "summer fallow" was *because* they were unable to put the land into oats. Ketelsens also urge here that under their bankruptcy plan, the refund money was *not* exclusively designated to pay attorneys' fees, but that the refund was listed only as a *possible source of payment*. Under the standards recited above. I can form no "definite and firm conviction that a mistake has been committed," 333 U.S. at 395, 68 S.Ct. at 542, by the bankruptcy court.

In reversing the bankruptcy court's compensatory damages award, the district court also relied on the lack of explanation by the bankruptcy court as to how it arrived at the $1,100 figure. As this court has stated, "[i]t is well established that the amount of damages in a nonjury case is within the discretion of the trial court and cannot be overturned unless clearly erroneous." *Taylor v. Pre-Fab Transit Co.*, 616 F.2d 374, 375 (8th Cir.1980). Accord *Hysell v. Iowa Pub. Serv. Co.*, 534 F.2d 775, 786 (8th Cir.1976); *Zatina v. Greyhound Lines, Inc.*, 442 F.2d 238, 242–43 (8th Cir.1971). Keeping this in mind, I cannot conclude that the $1,100 award is clearly erroneous. Perry Ketelsen's trial testimony was that his gross lost income (due to the unplanted eighty acres of oats) was $3,500. This figure, however, did not take into account the Ketelsens' production costs, or any other variables. Under these circumstances, I cannot find that the bankruptcy court's determination

## Punitive Damages

■ Last, Ketelsens urge this court to overturn the district court's disallowance of the punitive damages award. Section 362(h) of the Bankruptcy Code provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). We agree that FmHA's violation of the automatic stay was willful. However, we emphasize that "appropriate circumstances" are also required. The cases interpreting "appropriate circumstances" indicate to us that egregious, intentional misconduct on the violator's part is necessary to support a punitive damages award. *See, e.g., Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289 (4th Cir.1986) (debtor was injured during repossession, and one of creditor's agents effecting repossession carried a firearm); *In re Wagner*, 74 B.R. 898 (Bankr.E.D.Pa.1987) (creditor burst into debtor's home, turned lights off, held finger to debtor's head and screamed "I'm not playing, next time I'm going to blow your brains out, bring a gun and I'll blow your brains out."); *In re Mercer*, 48 B.R. 562 (Bankr.D.Minn.1985) (creditor effecting repossession kicked in debtor's door, and frightened debtor's children). In this case, FmHA acted on the legal advice from its counsel that the offset was legally justified. Under these circumstances, we do not find that FmHA's conduct supports punitive damages. Accordingly, we affirm the district court's judgment on this issue.

In conclusion, we affirm the district court's judgment. It is so ordered.

was clearly erroneous. I would reverse the district court's ruling on the compensatory damages award and reinstate the judgment of the bankruptcy court.