# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3810

_____

| | | |
|---|---|---|
| In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation, | * * * * * | |
| _____ | | |
| Steve Gaydos; Diane Gaydos, | * * | |
| Appellants, | * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| Guidant Corporation, | * * | |
| Appellee. | * | |

_____

Submitted: May 18, 2007
Filed: August 1, 2007

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Steve and Diane Gaydos were plaintiffs in a Multidistrict Litigation (MDL) suit brought against Guidant Corporation ("Guidant"). The district court[1] dismissed the

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Gaydoses's claims for failure to comply with two court orders and denied the Gaydoses's motion for reconsideration. The Gaydoses appeal. We affirm.

## I. *Background*

The Gaydoses are two of nearly 1,400 plaintiffs involved in a MDL suit alleging Guidant manufactured defective pacemakers and implantable cardioverter defibrillators. *See e.g*., *In re Guidant Corp. Implantable Defibrillators Prod. Liab.*, 484 F. Supp. 2d 973 (D. Minn. 2007). As is typical in MDL litigation, many of the local, pretrial logistics are handled on behalf of all plaintiffs by a Plaintiff's Liason Counsel. Additionally, all individual plaintiffs, like the Gaydoses, retained their own private counsel ("Counsel").

The district court, for case management purposes, issued two important pretrial orders relevant to this case ("the orders"). Pretrial Order #2 required all attorneys, including Counsel, to provide a current email address for correspondence with the court. The order also required all plaintiffs to complete a "Plaintiff's Fact Sheet"—a lengthy and detailed medical questionnaire that included a medical disclosure form. A second order, Pretrial Order #5, required that the Gaydoses comply with Pretrial Order #2 by March 2, 2006.

The Gaydoses did not provide the court with a current email address, a completed fact sheet, or a signed medical disclosure form by the required deadline. Counsel was notified at least three times that he had failed to comply with the orders. Upon each notice, Counsel submitted incomplete answers to questions on the district court's mandated fact sheet. Eventually, Guidant moved to dismiss the Gaydoses's claims.

The district court, pursuant to Federal Rules of Civil Procedure 41(b), granted Guidant's motion to dismiss with prejudice for failure to comply with the orders. Although notice of the court's dismissal was sent to the email address provided by

Counsel, Counsel claimed that he was unaware of the dismissal until months later because he had provided the court with an erroneous email address. Upon learning of the dismissal, the Gaydoses through Counsel asked, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), that the district court reconsider the dismissal. The court denied the motion.

## II. *Discussion*

The Gaydoses appeal the district court's denial of their motion for relief under Rule 60(b). The Gaydoses do not appeal the underlying Rule 41(b) dismissal; therefore, we only consider the district court's refusal to set aside the dismissal order.[2] Specifically, the Gaydoses argue that the district court should have granted relief under Rule 60(b)(1), permitting a court to grant relief due to excusable neglect, and Rule 60(b)(6), permitting a court to grant relief for "any other reason justifying relief from the operation of the judgment."

The denial of a Rule 60(b) motion is reviewed for an abuse of discretion. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). "We will find an abuse of discretion only when the district court's judgment was based on clearly erroneous fact-findings or erroneous conclusions of law." *Id*. "Reversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases." *Id*. (quoting *Int'l Bhd. of Elec. Workers v. Hope Elec. Corp*., 293 F.3d 409, 415 (8th Cir. 2002)).

## A. *Rule 60(b)(1)*

Rule 60(b)(1) permits, *inter alia*, a district court to grant relief from a judgment entered because of a party's excusable neglect. *Noah*, 408 F.3d at 1045. Excusable neglect, necessarily, has two components: (1) neglect or noncompliance and (2) that

---

[2]Assuming that the Gaydoses did challenge the underlying dismissal, we would lack jurisdiction to consider that order as the Gaydoses failed to appeal the dismissal within 30 days. Fed. R. App. Pro. 4(a).

is excusable. *Id.* The parties only dispute whether the court abused its discretion when it determined that the Gaydoses's noncompliance was inexcusable. In assessing whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant.[3] *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

### 1. *Danger of Prejudice and Potential Impact on Proceedings*

The district court ordered the Gaydoses to submit their Plaintiff's Fact Sheet by March 2, 2006. The Gaydoses did not do so until August 28, 2006—nearly six months tardy. In some circumstances, such a delay might be insignificant; however, "administering cases in multidistrict litigation is different from administering cases on a routine docket . . ." *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). Congress established MDL protocols to encourage efficiency. *Id.* In order to do so, MDL courts must be able to "establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *Id* at 1232. MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders. *Id*.

Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also

---

[3]The district court did not explicitly evaluate each of the four *Pioneer* factors. Although we strongly encourage district courts to do so, a court's failure to explicitly balance the *Pioneer* factors does not mandate an automatic reversal. *Gibbons v. United States*, 317 F.3d 852, 854 n.4 (8th Cir. 2003).

impacted the nearly 1,400 other plaintiffs by unfairly diverting the time and attention of the court away from their timely claims to that of the Gaydoses. Therefore, we must conclude that the first two factors weigh against the Gaydoses.

### 2. *Good Faith*

In determining whether a party has acted in good faith we have "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines."*Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). "We have rarely, if ever, excused the former." *Id*. We do not believe that this is a simple or marginal failure. The Gaydoses had three opportunities, spread over several months, to comply with the court's orders. While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court. Therefore, we conclude that the Gaydoses did not act in good faith.

### 3. *The Reason for the Delay*

Lastly, the Gaydoses offer two primary reasons for their failure to comply with the court's orders: (1) Guidant and the court sent several documents to the erroneous email address provided by Counsel[4] and (2) they tried to complete the Plaintiff's Fact Sheet, but Steve Gaydos's reluctance to provide Counsel with his military records hindered this effort. Even if we accept these reasons as true, they do not excuse the delay. The record does not show that Counsel attempted to mitigate any harm or inconvenience to others by informing the court, Guidant, or the Plaintiff's Liason Counsel of his difficulty in obtaining information from his client. Further, the district court characterized the Gaydoses's eventual final submission as "incomplete and contained unacceptable limitations of scope, in direct contradiction to the Court's Orders." The record before us is still unclear whether the Gaydoses ever submitted a

---

[4]Counsel blames a colleague for the unauthorized creation of the email address; however, he offers no explanation for how the email address was submitted to the court.

-5-

signed medical disclosure form. These errors epitomize the type of professional carelessness that we have held does not warrant relief under Rule 60(b). *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 199 (8th Cir. 1997) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness."); *Noah*, 408 F.3d at 1045; *Hunt v. City of Minneapolis*, 203 F.3d 524 (8th Cir. 2000). We, therefore, find that the Gaydoses's reasons do not justify their failure to comply with the district court's orders.

After giving consideration to each of the *Pioneer* factors, we conclude that the district court did not abuse its discretion when it declined to grant relief under Rule 60(b)(1).

### B. *Rule 60(b)(6)*

Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances. *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). Relief under this rule is exceedingly rare as relief requires an "intrusion into the sanctity of a final judgment." *Id.* "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994) (internal quotations omitted).

The Gaydoses essentially reiterate the arguments that they made with their Rule 60(b)(1) motion, this time emphasizing Counsel's accidental submission of an erroneous email address and his ignorance of his case's dismissal. For support, the Gaydoses point to a series of cases[5] arising under Federal Rule of Civil Procedure 37 and are hence inapposite to the issue at hand. We must reject this argument, as we

---

[5]*Gleghorn v. Melton*, 195 Fed.Appx. 535 (8th Cir. 2006) (unpublished); *Schoffstall v. Henderson*, 223 F.3d 818 (8th Cir. 2000); *Hairston v. Alert Safety Light Prod., Inc.*, 307 F.3d 717 (8th Cir. 2002).

believe there are no extraordinary circumstances in this case. *Chambers v. Armontrout*, 16 F.3d 257, 261 (8th Cir. 1994) ("Absent extraordinary circumstances, Rule 60(b)(6) motions cannot be used to remedy a failure to take an appeal.").

## III. *Conclusion*

After a careful review of the record, the decision of the district court is affirmed.

_____