# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1351

_____

Daniel Hemmah,                                    *
                                                  *
    Plaintiff - Appellant,                        *
                                                  *
v.                                                *
                                                  *    Appeal from the United States
City of Red Wing; Kay Kuhlmann,                   *    District Court for the
City Council Administrator for the                *    District of Minnesota.
City of Red Wing, in her official and             *
individual capacities; Roger Seymour,             *    [UNPUBLISHED]
Employee Services Director for the                *
City of Red Wing, in his official and             *
individual capacities; Dennis Tebbe,              *
Public Works Director for the City of             *
Red Wing, in his official and individual          *
capacities,                                       *
                                                  *
    Defendants - Appellees.                       *

_____

Submitted: November 18, 2010
Filed: January 6, 2011

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel James Hemmah sued under 42 U.S.C. § 1983 and won damages at trial. He rejected remittitur, and the district court[1] granted a new trial. After the jury awarded no damages, the court entered a nominal damages award and ordered Hemmah to move for attorney's fees by October 16, 2009. The parties consented to an extension to October 23. Instead of filing a motion for fees, Hemmah filed an untimely amended notice of appeal on October 21. This court dismissed the appeal, and Hemmah filed his fee petition on January 17, 2010. The district court denied the petition as untimely. *Hemmah v. City of Red Wing*, No. 06-3887, 2010 WL 330319 (D. Minn. Jan. 20, 2010). It later denied relief under Fed. R. Civ. P. 60(b)(1). *Hemmah v. City of Red Wing*, No. 06-3887, 2010 WL 1131453 (D. Minn. Mar. 22, 2010).

Hemmah claims that the district court lost jurisdiction once he appealed. However, the district court retained jurisdiction as there was no final judgment on attorney's fees. *Harmon v. United States ex rel. Farmers Home Admin.*, 101 F.3d 574, 587 (8th Cir. 1996) ("[W]here the issue of attorney fees is not before the court of appeals . . . the district court may consider it.") (citations omitted). Hemmah also argues that the district court abused its discretion by declining to find excusable neglect under Fed. R. Civ. P. 60(b)(1). The district court considered all the relevant factors from *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866-67 (8th Cir. 2007). It did not give significant weight to irrelevant factors, and its conclusion does not reflect an improper weighing of the relevant factors.

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____

_____

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.