# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3680

_____

Segriel Wright,

        Appellant,

v.

Organon USA, Inc.; Organon
Pharmaceuticals USA, Inc.; Organon
International, Inc.; Akzo Nobel NV;
Schering-Plough Corporation; Merck
& Company, Inc.,

        Appellees.

Appeal from the United States
District Court for the Eastern
District of Missouri.

[UNPUBLISHED]

_____

No. 11-3681

_____

Daisy Gonzalez,

        Appellant,

v.

Organon USA, Inc.; Organon
Pharmaceuticals USA, Inc.; Organon
International, Inc.; Akzo Nobel NV;

Schering-Plough Corporation; Merck
& Company, Inc.,

               Appellees.

 

_____

No. 11-3682

_____

Tammy Street,

               Appellant,

     v.

Organon USA, Inc.; Organon
Pharmaceuticals USA, Inc.; Organon
International, Inc.; Akzo Nobel NV;
Schering-Plough Corporation; Merck
& Company, Inc.,

               Appellees.

_____

Submitted:  July 16, 2012
Filed:  July 20, 2012

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

In these three consolidated appeals in multidistrict product-liability litigation, Segriel Wright, Daisy Gonzales, and Tammy Street challenge the district court's[1] dismissals of their complaints, and denials of their motions to reinstate their complaints.

To begin, we conclude that we lack jurisdiction to review the district court's orders dismissing appellants' complaints. See Fed. R. App. P. 3(c)(1)(B) (notice of appeal must designate judgment, order, or part thereof being appealed); USCOC of Greater Mo. v. City of Ferguson, 583 F.3d 1035, 1040 & n.4 (8th Cir. 2009) (Rule 3(c) is more than mere technicality, and failure to comply with it may create jurisdictional bar to appeal; court construes notices of appeal liberally, but only has jurisdiction when appellant's intent to challenge particular order or judgment is apparent either on notice of appeal or on properly filed appeal information form, and when adverse party will suffer no prejudice if review is permitted).

As to the court's denials of appellants' motions to reinstate their complaints -- motions that appellants describe as having been filed pursuant to Federal Rule of Civil Procedure 60(b)--we find no abuse of discretion. See Sutherland v. ITT Cont'l Baking Co., 710 F.2d 473, 474-77 (8th Cir. 1983) (standard of review; Rule 60(b) has never been vehicle for relief because of attorney's incompetence or carelessness); see also In re: Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 867 (8th Cir. 2007) (Congress enacted multidistrict litigation (MDL) protocols to encourage efficiency; MDL courts must be able to establish schedules with firm cutoff dates if coordinated cases are to move diligently toward resolution; MDL

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

courts must be given greater discretion to organize, coordinate, and adjudicate their proceedings, including dismissals of cases for failure to comply with orders).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____