# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3556
_____

Patricia Freeman

*Plaintiff - Appellant*

v.

Wyeth; Wyeth Pharmaceuticals, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 23, 2014
Filed: August 13, 2014

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Patricia Freeman was a plaintiff in a multidistrict litigation ("MDL") suit brought against Wyeth Pharmaceuticals, Inc., and related entities (collectively,

"Wyeth"). The district court[1] dismissed Freeman's case for failure to prosecute and later denied her motion to reconsider. We affirm.

In early 2009, Freeman sued Wyeth in New York state court, alleging that she developed breast cancer after using Wyeth's hormone therapy medication, Prempro. Wyeth timely removed the case to the United States District Court for the Southern District of New York. Shortly thereafter, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern District of Arkansas as part of the ongoing In re Prempro Products Liability Litigation, MDL-1507, created in 2003.

The clerk of court for the Eastern District of Arkansas opened an individual docket for Freeman's case on May 12, 2009. The next day, the clerk filed in Freeman's docket a memorandum that contained important information (the "transfer memorandum") regarding the MDL's use of the Case Management/Electronic Case Files ("CM-ECF") system. Relevant to this appeal, the transfer memorandum instructed Freeman's attorney as follows:

> Attorneys are required to electronically file documents in the Prempro Products Liability Litigation (MDL 1507) and all related cases, absent unusual circumstances. If you have not previously registered for electronic filing in the Eastern District of Arkansas, you must complete the enclosed Electronic Case Filing Registration Form and submit it to the Clerk's office. Attorneys who do not register for electronic filing will not receive notices of electronic filing, nor will they receive hard copies of orders. *(See Judge Wilson's Order of September 19, 2005.)*

---

[1] The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

Judge Wilson's Order of September 19, 2005, in turn, read as follows:

> In a July 1, 2005 letter, I notified all parties that electronic filing had arrived in the Eastern District of Arkansas. I also informed you all that electronic filing would be required in all MDL-1507 cases. . . . However, many of you (especially local counsel) have not heeded the call.
>
> Again, all counsel (including local counsel in individual cases who appear on docket sheets transferred to the Eastern District of Arkansas) must register on CM-ECF.
>
> . . .
>
> You are once again fully advised in the premises, and, if you do not register, you will not receive notices of electronic filing, nor will you receive hard copies of orders.
>
> All counsel are *directed* to register, here and now.

(emphasis in original). Between May 13, 2009, and November 16, 2012, nothing was posted to Freeman's individual docket. Then, on November 16, 2012, the district court issued an order designating Freeman's case (and several others) for discovery. The order was posted to Freeman's individual docket. In preparation for discovery, the district court instructed Freeman to provide updated medical authorizations to Wyeth within three weeks and warned her that "[f]ailure to do so may result in dismissal for failure to prosecute." The district court had issued a similar warning to other litigants in the MDL only a few months prior. That warning was posted to the MDL's main docket and was addressed to "ALL CASES." On January 8, 2013, Wyeth moved to dismiss Freeman's case because she had not provided the medical authorizations per the district court's instructions. The district court granted the motion on January 28, 2013.

-3-

Nearly nine months later, Freeman's attorney filed a Rule 60(b)(1) motion to set aside the dismissal. In the motion, he represented that he had "monitored the case, including the time period following its transfer to the Eastern District." Despite his asserted monitoring, however, he did not register for CM-ECF system in the Eastern District until October 22, 2013—the day he filed his motion to vacate the dismissal order. As a consequence of failing to register for the MDL's CM-ECF system, Freeman's attorney did not receive electronic notices of the filings in Freeman's case, including the district court's initial order designating the case for discovery, the motion to dismiss for failure to prosecute, or the district court's order granting the motion. The district court denied Freeman's 60(b)(1) motion to set aside the judgment. Freeman appeals.[2]

"The denial of a Rule 60(b) motion is reviewed for an abuse of discretion." Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 866 (8th Cir. 2007) ("In re Guidant Corp."). An abuse of discretion occurs when the "district court's judgment was based on clearly erroneous fact-findings or erroneous conclusions of law." Id. Rule 60(b)(1), among other things, permits a district court to set aside a judgment entered because of a party's "excusable neglect." In re Guidant Corp., 496 F.3d at 866. To determine whether conduct is excusable, courts consider several factors, including: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." Id. (citing Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). The reason for the delay is a "key factor in the analysis," In re Guidant Corp., 496 F.3d at 867, but the excusable neglect inquiry "is at bottom an

[2]We note that Freeman does not (and cannot) appeal the underlying Rule 41(b) dismissal; if she did, we would not have jurisdiction to review it. See Fed. R. App. P. 4(a) (appeals from district court orders, in the absence of a statutory exception, must be taken within 30 days after the entry of judgment).

equitable one, taking account of all relevant circumstances surrounding the party's omission," Pioneer, 507 U.S. at 395.

In this case, we cannot say that the district court abused its discretion when it refused to set aside its order of dismissal. We have recognized that "administering cases in multidistrict litigation is different from administering cases on a routine docket," In re Guidant Corp., 496 F.3d at 867 (citation omitted), and that to encourage efficiency, "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders," id. Applying this principle to the present case is clear enough: on more than one occasion, the district court instructed all attorneys to register for the CM-ECF system and warned that those who did not would not receive electronic filing notices or hard copies of orders. The requirement to register was set out in the clerk's transfer memorandum that was posted to Freeman's individual docket. This was during the time when Freeman's attorney represented that he was monitoring the case.

Further, the district court's order designating discovery in Freeman's case, dated November 16, 2012, warned that failure to provide Wyeth with updated medical authorizations "may result in dismissal for failure to prosecute." In addition, the district court had issued a similar warning (which was placed on the MDL's main docket) three months earlier in denying a motion to dismiss for failure to prosecute as moot. Judge Wilson strongly hinted then that he would consider dismissal if the plaintiffs' attorneys did not provide the updated medical authorizations in a timely fashion. That is what happened here.

It is an unfortunate outcome that Freeman will not receive her day in court due to her attorney's apparent professional carelessness. And we recognize that our circuit generally prefers merits dispositions over default judgments. See, e.g., United States v. Real Props. located at 7215 Longboat Dr., 750 F.3d 968, 975 (8th Cir. 2014). But that interest must be weighed against the unique problems an MDL judge

faces, especially when the MDL litigation involves hundreds of attorneys representing thousands of clients. The MDL judge must be given "greater discretion" to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders. <u>See</u> <u>In re Guidant Corp.</u>, 496 F.3d at 867. In the final analysis, and in the procedural posture of this appeal—review of a Rule 60(b) motion—we do not find this to be an "exceptional" case warranting relief. Int'l Bd of Elec. Workers v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002).

Affirmed.

_____