# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 20-1591

———————————————

Bradley R. Blansette

*Plaintiff - Appellant*

v.

Bayer Corporation; Bayer HealthCare Pharmaceuticals Inc.; Bayer AG; Bayer
Pharma AG; Merck & Company, Inc.

*Defendants - Appellees*,

———————

Appeal from United States District Court
for the District of Minnesota

———————

Submitted: November 25, 2020
Filed: December 3, 2020
[Unpublished]

———————

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.

———————

PER CURIAM.

Bradley Blansette appeals following the district court's[1] dismissal of his
member action in a multi-district litigation (MDL) for failure to comply with a case

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for
the District of Minnesota.

management order.  Upon careful review, we find that the district court did not abuse its discretion in dismissing Blansette's action with prejudice, or in denying the motion for dismissal without prejudice.  See Freeman v. Wyeth, 764 F.3d 806, 810 (8th Cir. 2014) (MDL judge has greater discretion to create and enforce deadlines in order to administer litigation effectively, including power to dismiss cases where litigants do not follow court's orders); Siems v. City of Minneapolis, 560 F.3d 824, 826 (8th Cir. 2009) (standard of review); Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 950 (8th Cir. 1999) (party may not dismiss merely to avoid adverse decision or seek more favorable forum).  We also find no error in the denial of Blansette's motion for the court to determine his settlement eligibility.  See In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993) (courts lack authority to compel parties to settle their cases).

The judgment is affirmed.  See 8th Cir. R. 47B.

_____