REVISED 11/22/2021

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2021

Lyle W. Cayce
Clerk

No. 20-30593

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ELAINE DAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CR-155

Before KING, SMITH, and HAYNES, *Circuit Judges*.
KING, *Circuit Judge*:

After we reversed Defendant Elaine Davis's convictions for conspiracy to commit health care fraud and health care fraud, Davis, who had been incarcerated for approximately one year, filed a motion for issuance of a certificate of innocence. The district court denied her motion, and Davis now appeals. For the reasons that follow, we AFFIRM.

No. 20-30593

## I. BACKGROUND

In *United States v. Ganji*, 880 F.3d 760 (5th Cir. 2018), this court reversed Defendant Elaine Davis's convictions for health care fraud and conspiracy to commit health care fraud because the convictions were based on insufficient evidence. Davis had been incarcerated for approximately one year before this reversal. Following the *Ganji* decision, Davis filed a motion for issuance of a certificate of innocence arguing that she fulfilled the requirements in 28 U.S.C. § 2513 (the Unjust Conviction and Imprisonment Statute) and, in the alternative, that the statute is unconstitutional in light of the Supreme Court's decision in *Nelson v. Colorado*.[1] A magistrate judge held an oral argument and subsequently recommended denial of Davis's motion. The district court allowed for supplemental briefing, heard oral argument, and subsequently denied Davis's motion, adopting and supplementing the magistrate judge's report and recommendation. Davis timely appealed, presenting us with the following two issues: (1) whether Davis is entitled to a certificate of innocence under 28 U.S.C. § 2513 and (2) whether § 2513's requirement of an affirmative showing of innocence is unconstitutional.

## II. STANDARD OF REVIEW

The parties do not contest the abuse-of-discretion standard for reviewing a district court's denial of a certificate of innocence under 28 U.S.C. § 2513. However, today we join other circuits and adopt the abuse-of-discretion standard.[2] Constitutionality challenges to federal statutes,

---

[1] 137 S. Ct. 1249 (2017).

[2] Until now this has been an open question in our circuit. *See Hernandez v. United States*, 888 F.3d 219, 222-23 (5th Cir. 2018). Other circuits have explicitly adopted the abuse-of-discretion standard of review. *See United States v. Graham*, 608 F.3d 164, 172 (4th Cir. 2010); *United States v. Grubbs*, 773 F.3d 726, 731 (6th Cir. 2014); *Betts v. United States*,

No. 20-30593

however, are reviewed de novo. *United States v. Jones*, 132 F.3d 232, 239 (5th Cir. 1998).

### III. DISCUSSION

We begin by determining whether the district court erred in denying Davis's motion for a certificate of innocence; then, we turn to her constitutionality challenge.

### A. Denial of the Motion for Certificate of Innocence

The "default [burden of proof] for civil cases" is the preponderance of the evidence. *CIGNA Corp. v. Amara*, 563 U.S. 421, 444 (2011). We join the other circuits that have found that this default burden of proof applies to motions for certificates of innocence.[3] A person seeking a certificate of innocence under 28 U.S.C. § 2513 is required to prove that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

---

10 F.3d 1278, 1283 (7th Cir. 1993); *United States v. Racing Servs., Inc.*, 580 F.3d 710, 711-12 (8th Cir. 2009); *Rigsbee v. United States*, 204 F.2d 70, 72-73 & n.3 (D.C. Cir. 1953).

[3] *See United States v. Grubbs*, 773 F.3d 726, 733 (6th Cir. 2014); *Abu-Shawish v. United States*, 898 F.3d 726, 739 (7th Cir. 2018); *Holmes v. United States*, 898 F.3d 785, 789 (8th Cir. 2018); *United States v. Abreu*, 976 F.3d 1263, 1270 (11th Cir. 2020).

No. 20-30593

28 U.S.C. § 2513(a). The government conceded that Davis satisfied the first requirement. The second prong is the focus of the dispute.

Under that prong, Davis had to prove that she "did not commit any of the acts charged"[4] and that she "did not by misconduct or neglect cause or bring about [her] own prosecution." *Id.* § 2513(a)(2). The district court did not abuse its discretion in finding that Davis did not prove by a preponderance of the evidence that she "did not commit any of the acts charged" (i.e., the first requirement of § 2513(a)(2)).

Davis was charged with conspiracy to commit health care fraud as well as health care fraud, and she relies only on the trial record and our opinion in *Ganji* to show that she did not commit the acts associated with those charges. In *Ganji*, regarding the conspiracy charge, our court acknowledged that "the direct evidence favors Davis" because the government's witnesses testified that Davis had never explicitly entered into an agreement with them. *Ganji*, 880 F.3d at 773. However, "[a]greements need not be spoken or formal, and the Government can use evidence of the conspirators' concerted actions to prove an agreement existed." *Id.* at 767. Our court went no further than concluding that the government "did not implicate Davis in the scheme with proof beyond a reasonable doubt." *Id.* at 777. Similarly, regarding the fraud charges, this court found that the government presented "insufficient evidence to show that [Davis] knowingly executed a scheme to defraud Medicare." *Id.* at 778. Thus, it was within the district court's discretion to

---

[4] As indicated by the word "or," the subsection requires only that a plaintiff prove either that she "did not commit any of the acts charged" or her "acts, deeds, or omissions in connection with such charge constituted no offense." 28 U.S.C. § 2513(a)(2). Davis's argument focuses on the acts charged in the indictment, so we restrict our analysis to the former requirement.

find that Davis did not satisfy her burden to prove her actual innocence of the acts charged.

Davis was required under 28 U.S.C. § 2513(a)(2) to prove her lack of misconduct or neglect in addition to her actual innocence of the charged acts. Because Davis did not prove her actual innocence, we need not wade into the circuit split interpreting "misconduct or neglect" in that same prong.

## B. Constitutionality of § 2513(a)'s Requirement to Prove Innocence

Davis relies on the Supreme Court's holding and rationale in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017) to argue that 28 U.S.C. § 2513(a)'s requirement of an affirmative showing of innocence is unconstitutional. However, the issue in *Nelson* and the issue here are meaningfully different, making the Court's holding in *Nelson* inapplicable. In *Nelson*, the defendants (whose convictions were reversed) moved for refunds of restitution, fees, and costs they paid upon their convictions. Notably, the Colorado law scrutinized in *Nelson* also allowed for compensation including $70,000 per year of incarceration, compensation for child support, and reasonable attorney's fees for bringing the compensation claim. *Id.* at 1254 n.6. However, the petitioners in *Nelson* did not request compensation, so the constitutionality of that part of the statute was not at issue.

Here, Davis is attempting to receive damages for her incarceration under 28 U.S.C. § 1495. *See also* 28 U.S.C. § 2513(e) (providing the damages cap). Davis's interest in receiving damages for her wrongful conviction is not about "the continuing deprivation of property after a conviction has been reversed." *Nelson*, 137 S. Ct. at 1255. Rather, she seeks something above and beyond her existing rights. "The American legal system has long treated compensation for the economic consequences of a reversed conviction very differently from the refund of fines and other payments made by a defendant pursuant to a criminal judgment." *Id.* at 1261 (Alito, J., concurring). This is

exactly the distinction the district court made. Accordingly, the district court did not err in finding *Nelson* inapplicable to this case on the question of constitutionality.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.